**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JOSHUA FRUCHTER, individually and on behalf of all others similarly Situated,

Plaintiff,

-against-

MARSHALL & ILSLEY CORPORATION, MARK F. FURLONG, JON F. CHAIT, JOHN W. DANIELS, JR., TED D. KELLNER, DENNIS J. KUESTER, DAVID J. LUBAR, KATHARINE C. LYALL, JOHN A. MELLOWES, SAN W. ORR, JR., ROBERT J. O'TOOLE, PETER M. PLATTEN, III, JOHN S. SHIELY, GEORGE E. WARDEBERG, JAMES B. WIGDALE, and BMO FINANCIAL GROUP,

Defendants.

**SHAREHOLDER CLASS ACTION COMPLAINT**

**Case No:**

JURY TRIAL DEMANDED

Plaintiff Joshua Fruchter ("Plaintiff"), by his attorneys, alleges upon information and belief, except for his own acts, which are alleged or knowledge, as follows:

## NATURE OF THE ACTION

1. This is a shareholder class action brought by Plaintiff on behalf of shareholders of Marshall & Ilsley Corporation ("M&I" or the "Company") common stock against M&I and its Board of Directors (the "Board") and BMO Financial Group ("BMO") (collectively "Defendants"), arising out of their breaches of fiduciary duty and/or aiding and abetting such breaches of fiduciary duty in connection with their agreement to enter into a merger transaction (the "Merger") whereby BMO is attempting to acquire M&I via an unfair process and at an unfair price (the "Proposed Transaction").

2. M&I is a diversified financial services corporation headquartered in Milwaukee, Wisconsin, with $51.9 billion in assets. Founded in 1847, M&I is, the largest Wisconsin-based

bank, with 192 offices throughout the state. In addition, M&I has locations in Arizona, Florida, Indiana, Minnesota, Missouri, and Nevada. M&I also provides trust and investment management, equipment leasing, mortgage banking, asset-based lending, financial planning, investments, and insurance services from offices throughout the country and on the Internet. M&I's customer-based approach, internal growth, and strategic acquisitions have made M&I a nationally recognized leader in the financial services industry.

3. BMO serves more than 10 million personal, commercial, corporate and institutional customers in North America and internationally. BMO's operating groups include Personal and Commercial Banking, BMO Bank of Montreal in Canada and Harris in the United States; Private Client Group, its wealth management business; and BMO Capital Markets.

4. On December 17, 2010, BMO and M&I announced they had entered into a definitive agreement (the "Merger Agreement") under which BMO will acquire all outstanding shares of the common stock of M&I in a stock-for-stock transaction. Under the terms of the Merger Agreement, each outstanding share of M&I will be exchanged for 0.1257 shares of BMO upon closing. Based on the closing share price of BMO of C$62.05 on December 16, 2010, the transaction values each share of M&I at US$7.75.

5. The Proposed Transaction is the product of a flawed process that is designed to ensure the merger of M&I with BMO on terms preferential to BMO but detrimental to Plaintiff and the other public stockholders of M&I. The Proposed Transaction was negotiated by and designed to benefit the Company's leadership team, who have been promised continuing roles in the combined entity going forward. In fact, upon closing of the Proposed Transaction, M&I's Chairman and Chief Executive Officer, Mark F. Furlong ("Furlong"), will become Chief

Executive Officer of BMO's combined U.S. personal and commercial banking business, based in Chicago. But Defendant Furlong, the Company's Chairman, and the rest of the Board are obligated by law to maximize shareholder value in the Proposed Transaction and not to be swayed by their "priority" of securing long-term personal employment to the detriment of shareholders.

6. The consideration to be paid to Company shareholders from the Proposed Transaction substantially undervalues M&I and is merely an attempt by BMO to acquire M&I for a bargain price following the dramatic recession and unprecedented decline in real estate values of the past few years. Company shareholders will not receive proper value for their shares in the share exchange, as the exchange does not reflect the true value of M&I's shares.

7. In pursuing this unlawful plan to sell M&I for inadequate consideration, each of the Defendants breached and/or aided and abetted the other Defendants' breaches of their fiduciary duties of loyalty, due care, good faith and fair dealing.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). The case is filed as a class action on behalf of all current M&I shareholders (except for the Individual Defendants and their affiliates). At least one member of the class is a citizen of a state different from any Defendant and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

9. This Court has jurisdiction over each Defendant named herein. Each Defendant is either a corporation that conducts business, and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District, Wisconsin, or the United

States to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because: (a) M&I maintains its principal place of business in this District; (b) one or more of the Defendants resides in or maintains executive offices in this District; (c) a substantial portion of the transactions and wrongs complained herein, and aiding and abetting and conspiracy in violation of fiduciary duties owed to M&I, occurred in this District; and (d) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

**THE PARTIES**

11. Plaintiff is a stockholder of M&I and has held shares at all times relevant to this Action.

12. Defendant M&I is a diversified financial services corporation, incorporated in Wisconsin and headquartered at 770 North Water Street, Milwaukee, Wisconsin 53202.

13. Defendant BMO was established in 1817 and is based in Toronto, Ontario, Canada. BMO stock trades on the Toronto and New York Stock Exchanges under the symbol "BMO."

14. Defendant Furlong is an adult resident of the State of Wisconsin, with a current address of 4810 North Lake Drive, Milwaukee, Wisconsin 53217. Furlong is and has been at all material times a director of M&I. Furlong is also M&I's Chief Executive Officer, and on October 20, 2010 was named Chairman of the Board.

15. Defendant Jon F. Chait ("Chait") is an adult resident of the State of Illinois, with a current address of 223 East Delaware Place, Apt. 5W, Chicago, Illinois 60611. Chait is and

has been at all material times a director of M&I.

16. Defendant John W. Daniels, Jr. ("Daniels") is an adult resident of the State of Wisconsin, with a current address of 10021 North Range Line Road, 27W, Mequon, Wisconsin 53092. Daniels is and has been at all material times a director of M&I.

17. Defendant Ted D. Kellner ("Kellner") is an adult resident of the State of Wisconsin, with a current address of 5112 West Highland Road, Thiensville, Wisconsin 53092. Kellner is and has been at all material times a director of M&I.

18. Defendant Dennis J. Kuester ("Kuester") is an adult resident of the State of Wisconsin, with a current address of 825 North Prospect Avenue, Unit 2002, Milwaukee, Wisconsin 53202. Kuester is and has been at all material times a director of M&I.

19. Defendant David J. Lubar ("Lobar") is an adult resident of the State of Wisconsin, with a current address of 6439 North Lake Drive, Milwaukee, Wisconsin 53217. Lubar is and has been at all material times a director of M&I.

20. Defendant Katharine C. Lyall ("Lyall") is an adult resident of the State of California, with a current address of 190 San Hill Circle, Menlo Park, California 94025. Lyall is and has been at all material times a director of M&I.

21. Defendant John A. Mellowes ("Mellowes") is an adult resident of the State of Wisconsin, with a current address of 920 East Churchill Lane, Milwaukee, Wisconsin 53217. Mellowes is and has been at all material times a director of M&I.

22. Defendant San W. Orr, Jr. ("Orr") is an adult resident of the State of Florida, with a current address of 19 Par Club Circle, Boynton Beach, Florida 33436. Orr is and has been at all material times a director of M&I.

23. Defendant Robert J. O'Toole ("O'Toole") is an adult resident of the State of

Wisconsin, with a current address of 2401 West Cedar Lane, Milwaukee, Wisconsin 53217. O'Toole is and has been at all material times a director of M&I.

24. Defendant Peter M. Platten, III ("Platten") is an adult resident of the State of Wisconsin, with a current address of 1555 Arapahoe Trail, Green Bay, Wisconsin 54313. Platten is and has been at all material times a director of M&I.

25. Defendant John S. Shiely ("Shiely) is an adult resident of the State of Wisconsin, with a current address of 15270 Briar Ridge Court, Elm Grove, Wisconsin 53122. Shiely is and has been at all material times a director of M&I.

26. Defendant George E. Wardeberg ("Wardeberg") is an adult resident of the State of Wisconsin, with a current address of 825 North Prospect Avenue, #1201, Milwaukee, Wisconsin 53202. Wardeberg is and has been at all material times a director of M&I.

27. Defendant James B. Wigdale ("Wigdale") is an adult resident of the State of Florida, with a current address of 307 Island Creek Drive, Vero Beach, Florida 32963. Wigdale is and has been at all material times a director of M&I.

28. Defendants named in ¶¶14-27 are collectively referred to herein as the "Individual Defendants."

**DEFENDANTS' FIDUCIARY DUTIES**

29. Where the directors of a publicly-traded corporation undertake a transaction that will result in either (i) a change in corporate control, or (ii) a break-up of the corporation's assets, the directors have an affirmative fiduciary obligation to obtain the highest value reasonably available for the corporation's shareholders, and if such transaction will result in a change of corporate control, the shareholders are entitled to receive a significant premium. To diligently comply with these duties, the directors and/or officers may not take any action that:

a. adversely affects the value provided to the corporation's shareholders;

b. will unnecessarily discourage or inhibit alternative offers to purchase control of the corporation or its assets;

c. contractually prohibits themselves from complying with their fiduciary duties;

d. will otherwise adversely affect their duty to search for and secure the best value reasonably available under the circumstances for the corporation's shareholders; and/or

e. will provide the directors and/or officers with preferential treatment at the expense of, or separate from, the public shareholders.

30. In accordance with their duties of loyalty and good faith, the Defendants, as directors and/or officers of M&I, are obligated to refrain from:

a. participating in any transaction in which the directors' or officers' loyalties are divided;

b. participating in any transaction in which the directors or officers receive, or are entitled to receive, a personal financial benefit not equally shared by the public shareholders of the corporation; and/or

c. unjustly enriching themselves at the expense or to the detriment of the public shareholders.

31. Plaintiff alleges herein that Defendants, separately and together, in connection with the Proposed Transaction, are knowingly or recklessly violating their fiduciary duties, including their duties of loyalty, good faith, and independence owed to Plaintiff and other public shareholders of M&I. Defendants are engaging in self-dealing, are obtaining for themselves personal benefits not shared equally by Plaintiff and the Class, are choosing not to provide shareholders with all information necessary to make an informed decision in connection with the Proposed Transaction, and/or are aiding and abetting other Defendants' breaches. As a result of Defendants' self-dealing and divided loyalties, neither Plaintiff nor the Class members are being treated fairly in connection with the Proposed Transaction.

32. Defendants also owe the Company's shareholders a duty of candor, which

includes the disclosure of all material facts concerning the Proposed Transaction and, particularly, the fairness of the price offered for the shareholders' equity interest. Defendants are knowingly or recklessly breaching their fiduciary duties of candor and good faith by failing to disclose all material information concerning the Proposed Transaction and/or are aiding and abetting other Defendants' breaches.

**SUBSTANTIVE ALLEGATIONS**

33. M&I, through its subsidiaries, provides diversified financial services to corporate, institutional, government, and individual customers in the United States. Its Commercial Banking segment provides various products and services, including secured and unsecured loans and lines of credit, letters of credit, asset-based lending, equipment financing, mezzanine financing, global trade services, treasury management, demand deposit accounts, interest bearing accounts, and time deposits, as well as construction loans for commercial and residential development, and land acquisition and development loans. The Company's Community Banking segment provides consumer and business banking products and services comprising loan and deposit products, such as mortgages, home equity loans and lines, credit cards, student loans, personal lines of credit and term loans, demand deposit accounts, interest bearing transaction accounts, and time deposits, as well as loans for working capital, inventory, and general corporate use; commercial real estate construction loans; and agricultural loans. Its Wealth Management segment provides asset management, trust, and banking services, as well as offers retirement plan services, Taft-Hartley services, not-for-profit services, north star deferred exchange, and trust operations outsourcing services. The Company also provides derivative solutions and investment services, currency conversion and foreign exchange services, and risk management to

corporate, business banking, and financial institution clients. As of December 31, 2009, it operated 162 branch offices in Phoenix and Tucson, Arizona metropolitan areas, Kansas City and nearby communities, Florida's west coast and Orlando, Florida, Minneapolis/St. Paul and Duluth, Minnesota, and central Indiana; and 17 offices in the St. Louis metropolitan area. The Company was founded in 1847 and is headquartered in Milwaukee, Wisconsin.

34. It appears that by the Proposed Transaction, BMO is taking advantage of M&I's exposure to the recent real estate and credit crises in the United States. As BMO observed about M&I as the Proposed Transaction was announced, "M&I is a very well run bank that got caught up in the real estate downdraft" and "was moving past the problems of the economic downturn." Analysts have credited M&I's management team with aggressively tackling the bank's problems, through write-downs and assets sales. And at least one analyst "believed the company was positioned for profitability by the middle part of next year."

35. Despite M&I's turnaround and its promising results, the Company agreed to be purchased by BMO. On December 17, 2010, the Defendants issued the following release announcing the Proposed Transaction, which stated in pertinent part:

> Under the terms of the agreement, each outstanding share of M&I will be exchanged for 0.1257 shares of Bank of Montreal upon closing. Based on the closing share price of Bank of Montreal on the TSX of C$62.05 on December 16, 2010, the transaction values each share of M&I at US$ 7.75, or an aggregate amount of approximately US$4.1 billion in Bank of Montreal common shares. The closing share price of M&I on NYSE on December 16 was US$5.79.

36. The Proposed Transaction is unfair, unlawful, does not maximize shareholder value, and is the product of a flawed process that will forever deprive the Class from enjoying an equity stake in M&I as a stand-alone company. The Proposed Transaction was negotiated by and designed to benefit the Company's leadership team, who have been promised continuing

roles in the combined entity going forward. In fact, upon closing of the Proposed Transaction, M&I Chairman and Chief Executive Officer Furlong will become Chief Executive Officer of BMO's combined U.S. personal and commercial banking business, based in Chicago. But defendant Furlong, the Company's Chairman, and the rest of the Board are obligated by law to maximize shareholder value in the Proposed Transaction and not to be swayed by their "priority" of securing long-term personal employment to the detriment of shareholders.

37. The consideration paid to Company shareholders substantially undervalues M&I and is merely an attempt by BMO to acquire M&I for a bargain price following the unprecedented credit and real estate crises in the economy. Company shareholders will not receive proper value for their shares, as the exchange does not reflect the true value of M&I's shares. Based on BMO's C$62.05 closing price in Toronto on Thursday, the Proposed Transaction is currently valued at about $7.75 per share. The price, however, is unfair for several reasons. Shares of M&I stock traded as high as $10.66 per share as recently as April 21, 2010, and at least one analyst set a price target for M&I stock at $9.50 per share as reported by Thompson/FirstCall via Yahoo!Finance. Moreover, at $7.75 per share, BMO is paying ***less than*** tangible book value for M&I. Furthermore, the Proposed Transaction has a price-to-book ratio of 0.61 for M&I, ***less than half of the median ratio*** of 1.4 for 33 regional commercial bank deals since the start of 2009; according to Bloomberg merger data. Finally, BMO is paying 1.26 times revenue, ***less than half*** the 3.17 times revenue *for* the average purchase of similar-sized U.S. banks, according to Bloomberg data.

38. In entering into the Merger, the Defendants have breached their fiduciary duties of loyalty, due care, independence, goad faith and fair dealing, and/or have aided and abetted such breaches by the Board.

39. Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to Plaintiff and the Class in a willful, reckless and wanton manner, and will consummate the Merger all to M&I's shareholders' irreparable harm.

**CLASS ACTION ALLEGATIONS**

40. Plaintiff brings this action individually and as a class action on behalf of all common stockholders of M&I who are being and will be harmed by Defendants' actions described below (the "Class"). Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendants.

41. This action is properly maintainable as a class action. The Class is so numerous that joinder of all members is impracticable. As of September 30, 2010, there were approximately 527,981,000 million shares of M&I common stock outstanding. The actual number of shareholders of M&I is believed to be in the thousands and will be ascertained through discovery.

42. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. The common questions include the following:

A. whether the Individual Defendants have breached their fiduciary duty to secure and obtain the best price reasonable under the circumstances for the benefit of Plaintiff and the other members of the Class in connection with the Proposed Transaction;

B. whether Defendants have breached any of their other fiduciary duties to Plaintiff and the other members of the Class in connection with the Proposed Transaction, including the duties of good faith, diligence, honesty and fair dealing;

C. whether the Defendants have improperly impeded or erected barriers to

discourage other offers for the Company or its assets; and

D. whether Plaintiff and the other members of the Class would suffer irreparable injury were the transactions complained of herein consummated.

43. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

44. Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature who will fairly and adequately protect the interests of the Class.

45. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

46. Plaintiff anticipates no difficulty in the management of this litigation as a class action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47. Defendants have acted, or refused to act, on grounds generally applicable to, and causing injury to, the Class and, therefore, preliminary and final injunctive relief on behalf of the Class, as a whole, is appropriate.

**FIRST CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

**(Against M&I and the Individual Defendants)**

48. Plaintiff repeats and realleges each allegation set forth herein.

49. The Individual Defendants have violated their fiduciary duties of care, good faith and loyalty, owed to the public shareholders of M&I.

50. By the acts, transactions and courses of conduct alleged herein, the Individual

Defendants, individually and acting as a part of a common plan, are attempting to unfairly deprive Plaintiff and other members of the Class of the best reasonably available transaction in exchange for their investment in M&I.

51. The Individual Defendants have violated their fiduciary duties by entering into a transaction with BMO without regard to the fairness of the transaction to M&I shareholders.

52. The Individual Defendants failed to exercise the care required, and breached their duties of loyalty and good faith, owed to the shareholders of M&I because, among other reasons:

A. they failed to take steps to maximize the value of M&I to its public shareholders;

B. they capped the price of M&I's stock giving Defendants an unfair advantage, by, among other things, failing to solicit other potential acquirers or alternative transactions;

C. they ignored or did not protect against the numerous conflicts of interest resulting from the directors' own interrelationships or connection with the, Proposed Transaction.

53. By reason of the foregoing acts, practices and course of conduct, the Defendants have failed to exercise ordinary care and diligence in the exercise of their fiduciary obligations toward Plaintiff and the other members of the Class.

54. As a result of the actions of Defendants, Plaintiff and the Class will suffer irreparable injury in that they have not and will not receive their fair portion of the value of M&I's assets and businesses and have been and will be prevented from obtaining a fair price for their common stock.

55. Unless enjoined by this Court, the Defendants will continue to breach their fiduciary

duties owed to Plaintiff and the Class, and may consummate the Proposed Transaction which will exclude the Class from its fair share of M&I's valuable assets and businesses, and/or benefit them in the unfair manner complained of herein, all to the irreparable harm of the Class, as aforesaid.

56. Defendants are not acting in good faith toward Plaintiff and the other members of the Class, and have breached and are breaching their fiduciary duties to the members of the Class.

57. As Plaintiff and the members of the Class are seeking preliminary and final injunctive relief, M&I is an active and necessary participant to complete the Proposed Transaction on terms that are unfair to M&I shareholders.

58. As a result of the Defendants' unlawful actions, Plaintiff and the other members of the Class will be irreparably harmed in that they will not receive their fair portion of the value of M&I's assets and business and will be prevented from obtaining the real value of their equity ownership of the Company. Unless the Proposed Transaction is enjoined by the Court, Defendants will continue to breach their fiduciary duties owed to Plaintiff and the members of the Class; will not engage in arm's-length negotiations on the Proposed Transaction terms; and may consummate the Proposed Transaction, all to the irreparable harm of the members of the Class.

59. Plaintiff and the members of the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury which Defendants' actions threaten to inflict.

**SECOND CAUSE OF ACTION**

**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**

**(Against BMO)**

60. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

61. BMO has knowingly aided and abetted the Individual Defendants' wrongdoing

alleged herein. BMO has acted and is acting with knowledge or with reckless disregard that the other Defendants are in breach of their fiduciary duties to M&I's public shareholders and have participated in such breaches of fiduciary duties by the directors of M&I and thus are liable as aiders and abettors. BMO is also an active and necessary participant in the Individual Defendants' plan to complete the Proposed Transaction on terms that are unfair to M&I shareholders, as BMO seeks to pay as little as possible to M&I shareholders.

62. Plaintiff and the members of the Class have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands relief, in his favor and in favor of the Class and against Defendants as follows:

A. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

B. Declaring and decreeing that the Proposed Transaction was entered into in breach of the fiduciary duties of Defendants and is therefore unlawful and unenforceable;

C. Enjoining Defendants, their agents, counsel, employees and all persons acting in concert with them from consummating the Proposed Transaction, unless and until the Company adopts and implements a procedure or process to obtain a Proposed Transaction providing the best possible terms for shareholders;

D. Directing the Individual Defendants to exercise their fiduciary duties to obtain a transaction which is in the best interests of M&I's shareholders until the process for the sale or auction of the Company is completed and the best possible consideration is obtained for M&I;

E. Rescinding, to the extent already implemented, the Proposed Transaction or any of the terms thereof;

F. Awarding damages to the class, in an amount to be determined at trial;

G. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

H. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable by jury.

**Dated: December 23, 2010**

**s/Patrick V. Dahlstrom .**

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
**Telephone**: (312) 377-1181
**Facsimile**: (312) 377-1184

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
Tamar A. Weinrib
100 Park Avenue
New York, New York 10017
**Telephone**: (212) 661-1100
**Facsimile**: (212) 661-8665

**PREVIANT, GOLDBERG, UELMEN, GRATZ, MILLER & BRUEGGEMAN, S.C.**
Jason Oldenburg
State Bar No. 1048471
1555 N. RiverCenter Dr.,
Suite 202
Milwaukee, WI 53212
**Telephone:** 414-271-4500
**Facsimile**: 414-271-6308

Attorneys for Plaintiff Joshua Fruchter